

**VIA ELECTRONIC MAIL**

May 21, 2019

Namecheap
4600 East Washington Street
Suite 305
Phoenix, AZ 85034

Dear Sir or Madam:

I am contacting you on behalf of the Recording Industry Association of America, Inc. (RIAA) and its member record companies. The RIAA is a trade association whose member companies create, manufacture and distribute approximately eighty-five (85) percent of all legitimate sound recordings sold in the United States.

We have determined that a user of your system or network has infringed our member record companies' copyrighted sound recordings.

Enclosed is a subpoena compliant with the Digital Millennium Copyright Act. The subpoena requires that you provide the RIAA with information concerning the individual offering infringing material described in the attached notice.

As is stated in the attached subpoena, you are required to disclose to the RIAA information sufficient to identify the infringer. This would include the individual's name, physical address, IP address, telephone number, e-mail address, payment information, account updates and account history.

Thank you for your cooperation in this matter. If you have any questions please feel free to contact me via email at antipiracy@riaa.com, via telephone at (202) 775-0101, or via mail at RIAA, 1025 F Street N.W., 10th Floor, Washington, D.C., 20004.

Sincerely,

Mark McDevitt
Vice President, Online Anti-Piracy

*RECORDING INDUSTRY ASSOCIATION OF AMERICA*
1025 F STREET, NW, 10TH FLOOR, WASHINGTON, DC 20004
PHONE: 202.775.0101 FAX: 202.775.7253 WEB: www.riaa.com



<u>**VIA ELECTRONIC MAIL**</u>

May 21, 2019

Namecheap
4600 East Washington Street
Suite 305
Phoenix, AZ 85034

Dear Sir or Madam:

I am contacting you on behalf of the Recording Industry Association of America, Inc.
(RIAA) and its member record companies. The RIAA is a trade association whose
member companies create, manufacture and distribute approximately eighty-five (85)
percent of all legitimate sound recordings sold in the United States. Under penalty of
perjury, we submit that the RIAA is authorized to act on behalf of its member companies
on matters involving the infringement of their sound recordings, including enforcing their
copyrights and common law rights on the Internet.

We believe your service is hosting the below-referenced domain name on its network.
The website associated with this domain name offers files containing sound recordings
which are owned by one or more of our member companies and have not been authorized
for this kind of use, including without limitation those referenced at the URL below.  We
have a good faith belief that the above-described activity is not authorized by the
copyright owner, its agent, or the law.  We assert that the information in this notification
is accurate, based upon the data available to us.

We also ask that you consider the widespread and repeated infringing nature of the site
operator(s)' conduct, and whether the site(s)' activities violate your terms of service
and/or your company's repeat infringer policy.

This e-mail does not constitute a waiver of any right to recover damages incurred by
virtue of any such unauthorized activities, and such rights as well as claims for other
relief are expressly retained.

You may contact me at RIAA, 1025 F Street N.W., 10th Floor, Washington, D.C., 20004, Tel. (202) 775-0101, or e-mail antipiracy@riaa.com, to discuss this notice.  Thank you for your assistance in this matter.

Sincerely,

Mark McDevitt
Vice President, Online Anti-Piracy


https://y2mate.com/youtube/zWzy5q_M5Ho
*Heart - Never*

https://y2mate.com/youtube/BR4cR9CeLi0
*Exposé - Let Me Be The One*

https://y2mate.com/youtube/zWd__w5UWVc
*Jane Child - Don't Wanna Fall In Love*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

RECORDING INDUSTRY ASSOCIATION ) Case Number:
OF AMERICA, INC. )
 )
   Plaintiff, ) **DECLARATION OF MARK McDEVITT**
 )
  vs. ) **IN SUPPORT OF ISSUANCE OF**
 ) **SUBPOENA PURSUANT TO 17 U.S.C §**
NAMECHEAP. ) **512(h)**
 )
   Defendant. )
 )
 )
 )
 )

I, MARK McDEVITT, the undersigned, declare that:

1. I am a Vice President, Online Anti-Piracy for the Recording Industry Association of America, Inc. (RIAA).  The RIAA is a trade association whose member companies create, manufacture or distribute sound recordings.  The RIAA is authorized to act on its member companies' behalf on matters involving the infringement of their copyrighted video and sound recordings.

2. The RIAA is requesting the attached proposed subpoena that would order Namecheap to disclose the identity, including name, physical address, IP address, telephone number, e-mail address, payment information, account updates and account history of the user operating the following website:

   https://y2mate.com/youtube/zWzy5q_M5Ho

   https://y2mate.com/youtube/BR4cR9CeLi0

   https://y2mate.com/youtube/zWd__w5UWVc

3. The purpose for which this subpoena is sought is to obtain the identity of the individual assigned to this website who has induced the infringement of, and has directly engaged in the

infringement of, our members' copyrighted sound recordings without their authorization.  This information will only be used for the purposes of protecting the rights granted to our members, the sound recording copyright owner, under Title II of the Digital Millennium Copyright Act.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information or belief.

Executed at Washington, District of Columbia, on May 21, 2019.

Mark McDevitt

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| Recording Industry Association of America, Inc. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| Namecheap | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Namecheap, 4600 East Washington Street, Suite 305, Phoenix, AZ 85034

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Information sufficient to identify the alleged infringer of the sound recordings described in the attached notification.  This would include the individual's name, physical address, IP address, telephone number, e-mail address, payment information, account updates and account history.

| Place: Recording Industry Association of America, Inc., 1025 F Street NW, 10th Floor, Washington, DC 20004, antipiracy@riaa.com | Date and Time:<br><br>05/28/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

        *CLERK OF COURT*
                                                OR

  _____          _____
  *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).